UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COOPER INDUSTRIES, LLC and COOPER POWER SYSTEMS, INC., | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-11-791 |
| ABB HOLDINGS INC. and ABB INC., | § § § | |
| *Defendants*. | § § | |

**MEMORANDUM AND ORDER**

Pending before the court is plaintiff's motion to remand. Dkt. 3. After considering the motion, the response, and the applicable law, the motion to remand is GRANTED.

**BACKGROUND**

This dispute arises from an October 7, 2005, settlement agreement that concluded patent litigation between plaintiffs (collectively referred to as "Cooper") and defendants (collectively referred to as "ABB") when ABB manufactured an insulating fluid called BIOTEMP, which Cooper claimed to have patented. Dkt. 1-4 at 3-4. The settlement agreement licensed ABB to manufacture BIOTEMP, but explicitly provided that no third party had a license to manufacture BIOTEMP. *Id.* at 4. ABB subsequently engaged Dow Chemicals ("Dow") to manufacture BIOTEMP on ABB's behalf, and Cooper filed suit seeking a declaratory judgment that ABB had violated the terms of the settlement agreement. *Id.*

ABB removed the case to this court, recognizing that only a state law claim was raised by Cooper, but asserting that the settlement agreement is premised upon Cooper's patent. ABB argued that issues of patent law inherent in the dispute created a substantial federal issue justifying removal.

The case was docketed at Civil Action No. 09-3534. On January 14, 2010, the court reviewed the state law contract claim raised by plaintiff, and determined that no substantial federal issue was raised. More specifically, the court held:

> The court finds that Cooper has not artfully pleaded a contract claim around a necessarily federal patent dispute. This case is distinguishable from *U.S. Valves, Inc. v. Dray*, 212 F.3d 1368 (Fed. Cir. 2000), cited by ABB. In *U.S. Valves*, the Federal Circuit held that in order for the court to determine whether the defendant had breached the contract at issue, the court was required to determine whether the goods sold by the defendant were covered by the patent. Thus federal subject matter jurisdiction was proper in the case. *Id.* at 1372. This case, however, does not center on whether BIOTEMP falls within the Cooper patents—that is undisputed. It is a question of whether the license agreement allows ABB to manufacture BIOTEMP via a third party. Such a determination rests on contract interpretation, not federal patent law. Remand, therefore, is appropriate.

Civil Action No. 09-3534, Dkt. 9 at 5.

The state court litigation proceeded after remand. On March 11, 2010, Cooper added a claim in its first amended petition for breach of contract, and also added demands for actual damages and injunctive relief. Dkt. 1-4 at 47-53. ABB did not remove the case within 30 days of these amended pleadings. Trial was scheduled in the state court for May 16, 2011. Dkt. 1-5 at 55.

On March 3, 2011, ABB removed this case for the second time, asserting that a ruling by the Court of Appeals for the Federal Circuit in a related case constitutes binding precedent, and that the case is removable on the basis of a substantial federal question. The related case was filed by ABB against Cooper seeking an anticipatory declaratory judgment of non-infringement of Cooper's patent and was docketed in this court as Civil Action No. 09-2394. Judge Hoyt dismissed the case for lack of subject matter jurisdiction because Cooper had not (and still has not) filed a patent infringement suit. ABB appealed, and the Court of Appeals for the Federal Circuit issued a decision on February 17, 2011, reversing the order of dismissal. *ABB Inc v. v. Cooper Indus., LLC*, 635 F.3d 1345 (Fed.

Cir. 2011). A detailed discussion of the Federal Circuit's opinion is necessary for the court to rule on the motion to remand in this case.

The issue before the Federal Circuit in ABB's declaratory judgment action was whether ABB could file a declaratory judgment action premised upon its potential defenses to a patent infringement suit that had not been filed:

> Cooper first asserts that subject matter jurisdiction does not exist because there was no actual controversy surrounding infringement but instead a dispute about contract interpretation. An Article III case or controversy exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)). "*MedImmune* rejected our prior, more stringent standard insofar as it included a requirement of a "reasonable apprehension of imminent suit." *Id*. at 132 n. 11, 127 S.Ct. 764; see also *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1378–80 (Fed. Cir. 2007) (recognizing *MedImmune's* rejection of the reasonable apprehension test); *Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330, 1338–39 (Fed. Cir. 2007) (same).
>
> Thus, a specific threat of infringement litigation by the patentee is not required to establish jurisdiction, and a "declaratory judgment action cannot be defeated simply by the stratagem of a correspondence that avoids magic words such as 'litigation' or 'infringement.'" *Hewlett–Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009). Cooper's argument that the controversy must be judged based on the actually threatened litigation is an impermissible attempt to revive the "reasonable apprehension of imminent suit" test rejected by the Supreme Court in *MedImmune*.

635 F.3d at 1348. Thus, the Federal Circuit viewed the issue before it as whether ABB had identified a "substantial controversy" between it and Cooper concerning patent infringement that was of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." The court found that, despite Cooper's characterization of the controversy as involving only state contract law, and despite Cooper filing only a state law contract claim, Cooper's assertion in pre-litigation letters to

3

ABB that it intended to "act vigorously to protect its rights" was sufficient to implicate a patent suit. The Federal Circuit reached this conclusion because, in its view, a party seeking to vigorously protect its rights would seek damages and injunctive relief, and to "obtain an injunction or damages remedy, Cooper likely would have to sue ABB for induced infringement or Dow for direct infringement (which would have obligated ABB to indemnify Dow)." *Id*. at 1348-49.

The Federal Circuit also noted that Cooper "does not contend in its brief here" that it could obtain damages on a breach of contract theory in the state court, and further that the Texas court "has not adopted Cooper's argument that the contract contains an enforceable negative implied covenant on the part of ABB not to infringe." *Id*. at 1349. In other words, the Federal Circuit used the proceedings during Cooper's state court litigation to support its finding that damages and injunctive relief could only be obtained in a patent suit. In the course of reaching this conclusion, the Federal Circuit inserted a footnote that is the basis of ABB's renewed removal of Cooper's lawsuit:

> FN3. Even if [Cooper] did [seek damages under a contract theory], such a claim would be within federal subject matter jurisdiction because Cooper's "right to relief [would] necessarily depend [ ] on resolution of a substantial question of federal law," i.e. whether ABB had, in fact, infringed the patents. See *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

635 F.3d at 1349 fn 3. The Federal Circuit then compared this situation to *MedImmune* where the patent holder sent "'a letter expressing its belief that [the accused product] was covered by [one of respondent's patents] and its expectation that petitioner would pay royalties' and the Court found there was a case or controversy." *Id*. at 1349. The court held that Cooper's pre-litigation threat was the equivalent of the threat made in *MedImmune* and that ABB's declaratory judgment action could therefore proceed.

4

The Federal Circuit's *ruling*–that ABB was under a threat of patent litigation sufficient to permit ABB to seek a declaratory judgment of non-infringement– is not relied upon by ABB as a basis for removal in this case. Rather, ABB argues that footnote 3 of the Federal Circuit's opinion establishes that Cooper's contract claim in this case is, in reality, a claim premised upon patent law and that that claim is, therefore, removable.

## ANALYSIS

When an action is not initially removable, 28 U.S.C. § 1446(b) provides that the defendant has 30 days after it receives a copy of "an amended pleading, motion, order or other paper *from which it may first be ascertained that the case is one which is or has become removable . . ..*" (emphasis added). Here, ABB asserts that the decision of the Federal Circuit on appeal from the dismissal of ABB's declaratory judgment action, and more accurately footnote 3 in that decision, constitutes a binding ruling in this matter, and makes this case removable as of the time of the Federal Circuit's ruling.

Cooper notes that the issue before the Federal Circuit was whether ABB could pursue a separate declaratory judgment action, and not whether Cooper's state law lawsuit was or was not removable. Cooper further asserts that the Federal Circuit simply misconstrued the nature of the state court proceedings in this case, and also misconstrued Cooper's position on its ability to obtain damages in this case. The Federal Circuit's ruling is, in Cooper's view, the result of basic misunderstandings of underlying fact, and that any conclusion the Federal Circuit reached concerning removability in this case is wrong.

The court need not reach the question of whether the Federal Circuit's interpretation of Cooper's state law contract suit is accurate. Assuming, without deciding, that the Federal Circuit

5

accurately described the situation, this case must still be remanded because ABB's notice of removal is untimely as it was not filed within 30 days of the date of Cooper's amended pleadings when, according to the Federal Circuit's footnote, it became removable. Moreover, the Federal Circuit did not issue a *holding* impacting this case. The portion of the opinion relied upon by ABB is *dictum* in a footnote that does not support removal, and is not binding on this court.

  **A.  Timeliness of the renewed motion.**

ABB relies upon footnote 3 of the Federal Circuit's decision where the court stated that if Cooper sought damages in the state court action, " such a claim would be within federal subject matter jurisdiction because Cooper's 'right to relief [would] necessarily depend [ ] on resolution of a substantial question of federal law,' i.e. whether ABB had, in fact, infringed the patents.'" 635 F.3d at 1349 fn 3 (citations omitted). As noted above, when this case was first removed, Cooper sought only declaratory relief. Therefore, under the Federal Circuit's interpretation of Cooper's state law contract claim and removal jurisdiction, a federal issue first arose in this case *when Cooper sought more than just declaratory relief*, i.e., when Cooper sought damages and injunctive relief which, in the Federal Circuit's view, could be obtained only through an infringement action, thereby making the claim removable. Here, Cooper amended its state court petition to include a claim for breach of contract, and demands for damages and injunctive relief, on March 11, 2010. Dkt. 1-4 at 47-53. ABB's notice of removal is dated March 3, 2011, and is manifestly untimely.[1]

ABB nonetheless insists that the Federal Circuit's order is the first indication it had that this case was removable. But this simply cannot be the case if the Federal Circuit's analysis of the issue

---

  [1]  And, of course, if Cooper is correct that the Federal Circuit simply misinterpreted its state law claims, then that court's opinion would likewise not provide a basis for removal.

is correct. Indeed, ABB itself notes that when the case was before this court initially, Cooper pled only a claim for declaratory relief, and did not seek damages for breach of contract or injunctive relief. Dkt. 9 at 11. "This case radically changed character" with the March 11, 2010, amendments to include a breach of contract claim and claims for damages and injunctive relief. *Id.* Nothing about the nature of this case changed when the Federal Circuit issued its opinion in a related case. If this case became removable in the fashion described by the Federal Circuit, it became so due to the amendments to Cooper's pleadings on March 11, 2010, when Cooper sought damages and injunctive relief that, in the Federal Circuit's view, are the keys to identifying state law claims that are removable because they raise substantial issues of patent law. 635 F.3d at 1348-49. Therefore, ABB's argument that the Federal Circuit's analysis of the removability of Cooper's claims is accurate cannot be squared with ABB's decision to wait almost a year after the allegations giving rise to removability were made in the state court. This motion to remand is, therefore, GRANTED.

**B.      Has the Federal Circuit issued a *ruling* on removability in *this* case?**

ABB asserts that the Federal Circuit's footnote concerning removability is binding on this court. Specifically, ABB argues that the Federal Circuit "has spoken on this issue and has found federal jurisdiction." Dkt. 9 at 19. However, the Federal Circuit itself has instructed that statements in an opinion that are not "essential" to the court's ruling do not have the force of an adjudication. *Terry v. Principi*, 367 F.3d 1291, 1295 (Fed. Cir. 2004) (citing Black's Law Dictionary (7th ed. 1999) (defining "*gratis dictum*" and "*judicial dictum*")). Here, the Federal Circuit's *ruling* is that the "warning letters from Cooper to ABB and Dow indicate that, under *Micron* and *MedImmune*, there was an immediate controversy surrounding infringement. ABB had an interest in determining whether it would incur liability for induced infringement, and it had an interest in determining

7

whether it would be liable for indemnification, which turned on whether Dow would be liable for infringement." 635 F.3d at 1349. As illustrated below, the Federal Circuit's discussion of removability is not essential to its ruling on the issue of whether subject matter jurisdiction exists over ABB's distinct declaratory judgment action.

In order to reach the question of whether Cooper had threatened a patent lawsuit, or would necessarily have to file one at some point, the Federal Circuit, while not purporting to rule on any issue in Cooper's state court suit, found it helpful to discuss the relief it believed was available to Cooper in that forum. Cooper had promised to act "vigorously to protect its rights," and, if Cooper were unable to obtain certain types of relief in a state court contract action, that would lend support to an inference that Cooper must have been threatening (or would eventually have to resort to) patent litigation. The Federal Circuit determined that Cooper was *not* seeking damages on a breach of contract theory and that to obtain damages (and injunctive relief), Cooper would likely need to file patent litigation. 635 F.3d at 1348-49. This discussion of the relief available under state law that had been requested by Cooper is arguably "essential" to the court's ruling because finding that Cooper would need to file a patent suit to obtain complete relief from ABB supports its ultimate ruling that such a suit was threatened and, hence, that subject matter jurisdiction over ABB's declaratory judgment lawsuit exists. The essential nature of the court's analysis, however, ends here, as evidenced by the court's use of a footnote to state in passing its belief that "even if" Cooper did assert a contract claim for damages, such a claim would be removable. The Federal Circuit's assertion that a claim *it did not believe Cooper to be making* would be removable *if it were raised* is clearly not essential to that court's ruling that ABB's separate declaratory judgment action is within the subject matter jurisdiction of the federal courts. It is, in fact, classic *dictum*.

Thus, the Federal Circuit has not issued a ruling on the issue of removability in this case–and certainly did not do so by making a passing mention of its unsolicited view on removal in the hypothetical it propounded. While it *is* essential to the Federal Circuit's ruling to note what it perceives to be a lack of available remedies under state law so as to support its conclusion that Cooper must ultimately resort to a patent infringement suit, it is entirely *unnecessary* to that ruling to determine whether any particular state law claim Cooper has or has not made is or would be removable. Therefore, there is no "binding ruling" issued in this case by the Federal Circuit, and, accordingly, no basis for removal arising therefrom.

## CONCLUSION

To the extent that the Federal Circuit may have identified a removable claim in this case, that claim was raised by Cooper in the state court in March, 2010, making ABB's removal of the matter almost one year later untimely. Further, the court finds that the Federal Circuit's order in the declaratory judgment case filed by ABB does not constitute an "order" or "other paper" making this case removable for purposes of § 1446(b). The Federal Circuit's opinion does not address this court's prior order remanding the case, because that issue was not before the Federal Circuit. And, finally, the portion of the opinion that ABB relies upon is neither the Federal Circuit's ruling, nor any analysis or finding essential to that ruling. Since the only portion of the Federal Circuit's opinion that can be said to be relevant to removal in this case is that court's *dictum*, this court need not follow it in any event. In short, the court sees no basis for changing its prior ruling regarding remand, and no new basis for removal has been timely asserted.

After consideration of the motion, the response, the reply, the additional submissions, and the applicable law, the motion to remand (Dkt. 3) is GRANTED. The case is hereby REMANDED to the 334th Judicial District Court of Harris County, Texas.

It is so ORDERED.

Signed at Houston, Texas on May 25, 2011.

_____
Gray H. Miller
United States District Judge